# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **TERRY LEE FRANKLIN** | **CIVIL ACTION NO. 19-1581-P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **JOSEPH PEREZ-MONTES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Terry Lee Franklin, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in his court on December 11, 2019. Plaintiff is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Plaintiff names Magistrate Judge Joseph H.L. Perez-Montes, Judge Dee D. Drell, and T. Thomas as defendants.

On July 11, 2019, Plaintiff submitted a civil rights action to the United States District Court for the Middle District of Louisiana in which he sought monetary damages, for defendants to be criminally charged, his name changed, and a first-time violent offender pardon. The case was transferred to this court which was the proper venue. See Franklin v. Bordelon, 1:19-cv-1231 [Doc. 12]. The case was assigned to Judge Dee Drell and Magistrate Judge Perez-Montes. Magistrate Judge Perez-Montes issued an order in that case informing Plaintiff that he had failed to submit either the $400.00 filing fee or a

completed IFP application on approved forms and he had failed to submit his complaint on court-approved forms and instructing him to cure the deficiency within 30 days [Doc. 15]. Plaintiff failed to comply with the order, and Magistrate Judge Perez-Montes issued an order to strike his complaint [Doc. 17].

On July 15, 2019, Plaintiff submitted another civil rights action to the United States District Court for the Middle District of Louisiana in which he sought monetary damages and a first-time violent offender pardon. The case was transferred to this court which, again, was the proper venue. See Franklin v. Chenevert, 1:19-cv-1239 [Doc. 3]. The case was assigned to Judge Dee Drell and Magistrate Judge Perez-Montes. Magistrate Judge Perez-Montes issued an order in that case informing him that he had failed to submit either the $400.00 filing fee or a completed IFP application on approved forms and he had failed to submit his complaint on court-approved forms and instructing him to cure the deficiency within 30 days [Doc. 6]. Plaintiff failed to comply with the order, and Magistrate Judge Perez-Montes issued and order to strike his complaint [Doc. 8].

On July 9, 2019, Plaintiff submitted a civil rights action the United States District Court for the Eastern District of Louisiana in which he sought monetary damages, correction of his records, and his release from prison. The case was transferred to this court which, yet again, was the proper venue. See Franklin v. Bordelon, 1:19-cv-1256. [Doc. 7]. The case was assigned to Judge Drell and Magistrate Judge Perez-Montes. Magistrate Judge Perez-Montes issued an order in that case informing him that he had failed to submit either the $400.00 filing fee or a completed IFP application on approved forms and he had

failed to submit his complaint on court-approved forms and instructing him to cure the deficiency within 30 days [Doc. 10]. Plaintiff failed to comply with the order, and Magistrate Judge Perez-Montes issued an order to strike his complaint [Doc. 12].

Plaintiff the filed this civil action against Judge Dee Drell, Magistrate Judge Perez-Montes, and T. Thomas. Plaintiff's complaint is not clear, but he appears to argue that his cases were improperly dismissed because they were filed on proper forms.

Plaintiff seeks the same relief as requested in all his civil rights cases and a transfer to the U.S Immigration and Customs Enforcement closest to Mexico. For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Judicial Immunity**

Plaintiff cannot allege claims against Judge Drell and Magistrate Judge Perez-Montes. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). The "immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 87 S.Ct. 1213, 1218 (1967). "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants." Id. "His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Id. "Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." Id.

Whether an act by a judge is a judicial one to which immunity applies relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288. The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009). These factors are broadly construed in favor of immunity. Id.

The judicial conduct about which Plaintiff complains was unequivocally undertaken in the ordinary exercise of judicial duties and was squarely within Judge Drell's and Judge Perez-Montes's authority as judicial officers of the court.

Plaintiff asks for declaratory and injunctive relief in addition to damages. The absolute immunity of federal judges for actions arising out of the performance of their duties extends to those forms of relief as well. Bolin v. Story, 225 F.3d 1234, 1239-42 (11th Cir. 2000); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1391-94 (9th Cir. 1987); Dugas v. United States, 2019 WL 5595043, *2 (S.D. Tex. 2019) ("federal judges are immune from suit for claims seeking equitable or injunctive relief."); and Soniat v. Dep't of Hous. & Urban Dev., 2016 WL 11200725, *2 (E.D. Tex. 2016) (absolute immunity "includes claims for equitable or injunctive relief when asserted against federal judges").

The judgment in the prior cases are final. The law does not permit an unsatisfied litigant to relitigate final judgments by suing the judges who issued the decision and complaining that they acted incorrectly. This is demonstrated by Lyons v. Sheetz, 834 F.2d 493 (5th Cir. 1987), in which the parties who lost a federal lawsuit filed a new suit against the district judge and appellate court judges who decided the prior case. The Fifth Circuit held that the district court was correct, for a number of reasons, to dismiss the second suit. "First, the Lyonses attempted to relitigate the issues addressed in Lyons I. This they cannot do." Id. at 494-95. The Ninth Circuit, in holding that judicial immunity extends to claims for declaratory and injunctive relief, noted that allowing such relief would in effect allow a "horizontal appeal" from one district court to another or even a "reverse review" of an appellate court ruling by a district court. Such collateral attacks on the decisions of federal courts are improper. Mullis, 828 F.2d at 1392-93.

Plaintiff's proposed claims against the judges are not allowed by law. Accordingly, Plaintiff's civil rights claim against Judge Drell and Magistrate Judge Perez-Montes should be dismissed as frivolous.

**T. Thomas**

Plaintiff's complaint does not list any specific allegations against T. Thomas, a docket clerk in the office of the clerk of court. Plaintiff states only that Magistrate Judge Perez-Montes dismissed his prior cases with the help of T. Thomas. He does not identify any actions of Thomas that deprived him of his civil rights.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims.

Furthermore, a clerk of court has absolute immunity from actions arising from acts they are specifically required to do under court order or at a judge's instructions. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). Accordingly, Plaintiff's claims against T. Thomas should be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in

making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 6th day of February, 2020.

Mark L. Hornsby
U.S. Magistrate Judge